Worthy Lending LLC v New Style Contrs., Inc. (2021 NY Slip Op 04209)





Worthy Lending LLC v New Style Contrs., Inc.


2021 NY Slip Op 04209


Decided on July 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 06, 2021

Before: Acosta, P.J., Kapnick, Moulton, Scarpulla, JJ. 


Index No. 653406/20 Appeal No. 14171 Case No. 2020-04842 

[*1]Worthy Lending LLC, Plaintiff-Appellant,
v
New Style Contractors, Inc., Defendant-Respondent.


Otterbourg P.C., New York (Richard G. Haddad of counsel), for appellant.
Jaffe & Asher LLP, New York (Glenn P. Berger of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 18, 2020, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
In this debt collection action, plaintiff alleges that it notified defendant in writing that, as a result of its loans to a nonparty debtor, plaintiff had a security interest and lien in all of the nonparty debtor's assets, including amounts due to the nonparty debtor from defendant pursuant to a separate contract. Plaintiff demanded that all remittances from defendant to the nonparty debtor under that contract were to be made only to plaintiff, however, defendant continued to remit some payments directly to the nonparty debtor. The nonparty debtor subsequently defaulted in its obligations to plaintiff and plaintiff accelerated all amounts due under its agreement with the nonparty debtor. Plaintiff then commenced this action against defendant and alleged a single cause of action pursuant to UCC 9-607. In its complaint, plaintiff seeks recovery of the amount defendant paid to the nonparty debtor after defendant's receipt of the notice of assignment but before the nonparty debtor defaulted under its contract with plaintiff.
The motion court properly determined that plaintiff did not have an independent cause of action against defendant pursuant to UCC 9-607. Plaintiff and defendant have no contractual or other relationship or duty to one another. Plaintiff seeks to impose upon defendant a separate obligation to repay plaintiff the same amount it has already paid the nonparty debtor under their contract. Because there was a dispute between plaintiff, the secured creditor, and the nonparty debtor as to who had the right to collect from the defendant, section 9-607(e) applied (see Buckeye Retirement Co., LLC Ltd. V Meijer, Inc. , 2008 WL 4278038, at *2, 2008 Mich App LEXIS 1931, *6 [Mich App, Sept. 18, 2008, No. 279625]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 6, 2021